## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09CV07693 |
| YELLOW TRANSPORTATION, INC. | ) ) | Judge James F. Holderman |
| and | ) ) | Magistrate Susan E. Cox |
| YRC, Inc., | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER AND DEFENSES

The Defendants, Yellow Transportation, Inc. and YRC, Inc. (collectively, the "Defendants"), by and through their undersigned counsel, submit this Answer and Defenses to the Complaint of the Equal Employment Opportunity Commission (the "Plaintiff"), as follows:

## NATURE OF THE ACTION

**COMPLAINT:**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race and to provide appropriate relief to a class of Black employees who were adversely affected by such practices.

**ANSWER:**

The Defendants admit that the Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, but specifically deny that facts exist that would

entitle the Plaintiff to maintain the claims advanced or to obtain the relief sought.   The Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

## JURISDICTION AND VENUE

### COMPLAINT ¶1

This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

### ANSWER:

The Defendants admit that the Plaintiff purports to bring this action to enforce the provisions of Title VII, but specifically deny that there has been any violation of Title VII (or any other statutory provision).   The Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

### COMPLAINT ¶2

This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. §2000e-5(f)(1) and §2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

### ANSWER:

The Defendants admit that the Plaintiff has instituted this action pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and § 2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A, but specifically deny that facts exist that would entitle the Plaintiff to maintain the claims advanced or to obtain the relief sought.   The Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

### COMPLAINT ¶3

This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

**ANSWER:**

The Defendants admit, for jurisdictional purposes only, that the Plaintiff has invoked properly the jurisdiction of this Court.  The Defendants deny that facts exist that would entitle the Plaintiff to maintain the claims advanced or to obtain the relief sought.  The Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

**COMPLAINT ¶4**

The unlawful acts alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

**ANSWER:**

The Defendants admit that venue is proper in this Court for jurisdictional purposes only.  The Defendants deny that there has been any unlawful conduct or that facts exist that would entitle the Plaintiff to maintain the claims advanced or to obtain the relief sought.  The Defendants deny the remaining allegations set forth in this paragraph of this Complaint.

**PARTIES**

**COMPLAINT ¶5**

Plaintiff, Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

**ANSWER:**

The Defendants admit that the Plaintiff is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII.  The Defendants deny that facts exist that would entitle the Plaintiff to maintain the claims advanced or to obtain the relief sought.  The Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

**COMPLAINT ¶6**

From at least January 1, 2004 to October 2008, Defendant Yellow Transportation, Inc., ("Yellow") has continuously been a corporation doing business in the State of Illinois, County of Cook, and the Village of Chicago Ridge, Illinois.

**ANSWER:**

The Defendants admit that, from January 1, 2004 to October 2008, the Defendant, Yellow Transportation, Inc. ("Yellow"), was a corporation doing business in the State of Illinois, County of Cook, and the Village of Chicago Ridge, Illinois.  The phrase, "from *at least* January 1, 2004 to October 2008," however, is vague and ambiguous such that the Defendants lack knowledge or information sufficient to admit or deny that aspect of the allegation.   The Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

**COMPLAINT ¶7**

From at least January 1, 2004 to October 2008, Defendant Yellow has continuously had at least fifteen (15) employees.

**ANSWER:**

The Defendants admit that, from January 1, 2004 to October 2008, Yellow continuously employed at least fifteen (15) employees.  The phrase, "from *at least* January 1, 2004 to October 2008," however, is vague and ambiguous such that the Defendants lack knowledge or information sufficient to admit or deny that aspect of the allegation.  The Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

**COMPLAINT ¶8**

Since at least January 1, 2004, Defendant Yellow has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**ANSWER:**

The Defendants admit that, from January 1, 2004 to October 2008, Yellow was an employer engaged in an industry affecting commerce within the meaning of §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). The phrase, "from *at least* January 1, 2004 to October 2008," however, is vague and ambiguous such that the Defendants lack knowledge or information sufficient to admit or deny that aspect of the allegation. The Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

**COMPLAINT ¶9**

Since at least October 2008, Defendant YRC has continuously been a corporation doing business in the State of Illinois, County of Cook, and the Village of Chicago Ridge, Illinois.

**ANSWER:**

The Defendants deny the allegations set forth in paragraph 9 of the Complaint.

**COMPLAINT ¶10**

Since at least October 2008, Defendant YRC has continuously had at least fifteen (15) employees.

**ANSWER:**

The Defendants deny the allegations set forth in paragraph 10 of the Complaint.

**COMPLAINT ¶11**

Since at least October 2008, Defendant YRC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**ANSWER:**

The Defendants deny the allegations set forth in paragraph 11 of the Complaint.

## STATEMENT OF CLAIMS

### COMPLAINT ¶12

More than thirty (30) days prior to the institution of this lawsuit, Jamison Dixon, Jeffery Burks, Charles Brown, Antonio Colon, Darrell Williams, Michael Woods, Clark Faulkner, Leonard Gregory, James Demoss, Laroy Washington, Ken George, Marshun Hill, Charles Woods, and Mack Leonard filed charges of discrimination with the Commission alleging violations of Title VII by Defendant Yellow Transportation, Inc.

### ANSWER:

The Defendants admit that Jamison Dixon, Jeffrey Burks, Charles Brown, Antonio Colon, Darrell Williams, Michael Woods, Clark Faulkner, Leonard Gregory, James DeMoss, Laroy Washington, Ken George, Marshun Hill, Charles Woods, and Mack Leonard filed charges of discrimination with the Commission alleging violations of Title VII by Yellow. The Defendants specifically deny that there has been any unlawful conduct or that facts exist to support the charges of discrimination filed by Jamison Dixon, Jeffrey Burks, Charles Brown, Antonio Colon, Darrell Williams, Michael Woods, Clark Faulkner, Leonard Gregory, James DeMoss, Laroy Washington, Ken George, Marshun Hill, Charles Woods, and Mack Leonard. The Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

### COMPLAINT ¶13

All conditions precedent to the institution of this lawsuit have been fulfilled.

### ANSWER:

The Defendants deny the allegations set forth in paragraph 13 of the Complaint.

### COMPLAINT ¶14

From at least 2004, to October 2008, Defendant Yellow engaged in unlawful employment practices in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Such unlawful employment practices include subjecting Jamison Dixon, Jeffery Burks, Charles Brown, Antonio Colon, Darrell Williams, Michael Woods, Clark Faulkner, Leonard Gregory, James Demoss, Laroy Washington, Ken George, Marshun Hill, Charles Woods, and Mack Leonard and a class of Black employees to harassment and different terms and conditions because of their race. Such practices include, but are not limited to:

a.    Subjecting Black employees to a work environment with hangman's nooses, racially derogatory comments, racial epithets, and racist graffiti;

b.    Assigning Black employees to more difficult and time-consuming work assignments;

c.    Subjecting Black employees to more frequent and greater discipline;

d.    Subjecting Black employee to greater scrutiny and more restrictive work rules; and

e.    Assigning Black employees to lower paying or less favorable job assignments.

**ANSWER:**

The Defendants deny the allegations set forth in paragraph 14 of the Complaint, including, but by no means limited to, the allegations set forth in subparagraphs (a) through (e).

**COMPLAINT ¶15**

The result of the practices complained of in paragraph 14 has been to deprive Jamison Dixon, Jeffery Burks, Charles Brown, Antonio Colon, Darrell Williams, Michael Woods, Clark Faulkner, Leonard Gregory, James Demoss, Laroy Washington, Ken George, Marshun Hill, Charles Woods, and Mack Leonard and a class of Black employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

**ANSWER:**

The Defendants deny the allegations set forth in paragraph 15 of the Complaint.

**COMPLAINT ¶16**

The unlawful employment practices complained of above were intentional.

**ANSWER:**

The Defendants deny the allegations set forth in paragraph 16 of the Complaint.

**COMPLAINT ¶17**

The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Jamison Dixon, Jeffery Burks, Charles Brown, Antonio Colon, Darrell Williams, Michael Woods, Clark Faulkner, Leonard Gregory, James Demoss, Laroy Washington, Ken George, Marshun Hill, Charles Woods, and Mack Leonard and a class of Black employees.

**ANSWER:**

The Defendants deny the allegations set forth in paragraph 17 of the Complaint.

**COMPLAINT ¶18**

Effective no later than October 2008, Yellow was entirely merged into YRC, Inc.

**ANSWER:**

The Defendants deny the allegations set forth in paragraph 18 of the Complaint.

**COMPLAINT ¶19**

Effective no later than October 2008, YRC succeeded Yellow in operating the Chicago Ridge facility previously owned and operated by Yellow.

**ANSWER:**

The Defendants deny the allegations set forth in paragraph 19 of the Complaint.

**COMPLAINT ¶20**

From at least October 2008, Defendant YRC has engaged in unlawful employment practices in violation of §703(a) of Title VII, 42 U.S.C § 2000e-2(a). Such unlawful employment practices include subjecting a class of Black employees to harassment and different terms and conditions because of their race. Such practices include, but are not limited to:

a.   Subjecting Black employees to a work environment with hangman's nooses, racially derogatory comments, racial epithets, and racist graffiti;

b.   Assigning Black employees to more difficult and time-consuming work assignments;

c.   Subjecting Black employees to more frequent and greater discipline;

d.   Subjecting Black employee to greater scrutiny and more restrictive work rules; and

e.   Assigning Black employees to lower paying or less favorable job assignments.

**ANSWER:**

The Defendants deny the allegations set forth in paragraph 20 of the Complaint, including, but by no means limited to, the allegations set forth in subparagraphs (a) through (e).

**COMPLAINT ¶21**

The result of the practices complained of in paragraph 20 has been to deprive a class of Black employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

**ANSWER:**

The Defendants deny the allegations set forth in paragraph 21 of the Complaint.

**COMPLAINT ¶22**

The unlawful employment practices complained of above were intentional.

**ANSWER:**

The Defendants deny the allegations set forth in paragraph 22 of the Complaint.

**COMPLAINT ¶23**

The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of a class of Black employees.

**ANSWER:**

The Defendants deny the allegations set forth in paragraph 23 of the Complaint.


**PRAYER FOR RELIEF**

WHEREFORE, the Commission requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race;

B.      Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of race, and which eradicate the effects of its unlawful employment practices;

C.      Order Defendants to make whole Jamison Dixon, Jeffery Burks, Charles Brown, Antonio Colon, Darrell Williams, Michael Woods, Clark Faulkner, Leonard Gregory, James Demoss, Laroy Washington, Ken George, Marshun Hill, Charles Woods, Mack Leonard, and a class of Black employees by providing compensation for past and future pecuniary losses resulting from its unlawful employment practices, including medical expenses, in amounts to be determined at trial;

D.      Order Defendants to make whole Jamison Dixon, Jeffery Burks, Charles Brown, Antonio Colon, Darrell Williams, Michael Woods, Clark Faulkner, Leonard Gregory, James Demoss, Laroy Washington, Ken George, Marshun Hill, Charles Woods, Mack Leonard, and a class of Black employees by providing compensation for past and future non-pecuniary losses resulting from its unlawful employment practices, including emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

E.      Order Defendants to pay Jamison Dixon, Jeffery Burks, Charles Brown, Antonio Colon, Darrell Williams, Michael Woods, Clark Faulkner, Leonard Gregory, James Demoss, Laroy Washington, Ken George, Marshun Hill, Charles Woods, Mack Leonard, and a class of Black employees punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

F.      Prohibit Defendants from discriminating against any individual for engaging in protected activity under Title VII of the Civil Rights Act of 1964, or for opposing practices made unlawful by Title VII, or for participating in this lawsuit;

G.      Grant such further relief as this Court deems necessary and proper in the public interest; and

H.      Award the Commission its costs in this action.

**ANSWER:**

The Defendants deny that the Plaintiff is entitled to the relief it seeks in its Prayer for Relief, including, but by no means limited to, the relief requested in subparagraphs (a) through (h) of the Complaint, or to any relief whatsoever.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

**ANSWER:**

The Defendants admit that the Plaintiff purports to seek a trial by jury.  The Defendants deny that facts exist that would entitle the Plaintiff to maintain the claims advanced or to obtain the relief sought.

The Defendants deny each and every allegation, whether express or implied, that is not unequivocally or specifically admitted in the Answer.

## AFFIRMATIVE DEFENSES AND ADDITIONAL DEFENSES

### FIRST DEFENSE

The Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate non-discriminatory, non-retaliatory and non-pretextual business reasons unrelated to sex or gender.

### SECOND DEFENSE

The Plaintiff's Complaint should be dismissed to the extent that it asserts claims on behalf of persons who have failed to bring their claim within the applicable statute of limitations.

### THIRD DEFENSE

The Plaintiff's Complaint should be dismissed to the extent that it asserts claims on behalf of persons who have failed to mitigate their damages, if any, that they claim against Defendants.

### FOURTH DEFENSE

The Plaintiff's Complaint should be dismissed to the extent that it asserts claims on behalf of persons who failed to satisfy the administrative prerequisites necessary to asserting such claims.

### FIFTH DEFENSE

At all times, Defendants' actions were lawful, justified, and made in good faith.

### SIXTH DEFENSE

The Plaintiff's claims, to the extent they state a claim, are subject to any applicable damages caps or limitations.

### SEVENTH DEFENSE

Some of the Plaintiff's claims may be barred or damages may be reduced by the doctrines of unclean hands or after acquired evidence.

## EIGHTH DEFENSE

To the extent that the Plaintiff's Complaint asserts claims on behalf of persons who obtained or may obtain a recovery from any collateral or other source as a result of any worker's compensation claim, unemployment benefits, disability benefits or other employment, damages recoverable by the Plaintiff may be reduced or offset by virtue of that recovery.

## NINTH DEFENSE

Some or all of the Plaintiff's claims are barred by the doctrine of laches, waiver and estoppel.

## TENTH DEFENSE

The Plaintiff's Complaint should be dismissed to the extent that it asserts claims on behalf of persons who suffered injury or damages as the result of an independent intervening cause, and not the result of any alleged actions of admissions of Defendants.

## ELEVENTH DEFENSE

Some or all of the Plaintiff's claims cannot be litigated because they are beyond the scope of claimants' administrative charges, were not subject to administrative investigatory or conciliation processes, and were not included in any determination by the EEOC.

## TWELFTH DEFENSE

The Plaintiff's Complaint should be dismissed to the extent that it asserts claims on behalf of persons whose federally protected rights Defendants did not act with malice or reckless indifference toward within the meaning of § 102(b)(1) of the Civil Rights Act of 1991.

### THIRTEENTH DEFENSE

The Plaintiff's claims may be barred because Defendants promulgated and enforced their anti-discrimination policy, and persons on behalf of whom the EEOC asserts claims failed to utilize this policy.

### FOURTEENTH DEFENSE

The Plaintiff's Complaint should be dismissed to the extent that it asserts claims on behalf of persons who failed to take advantage of the preventative or corrective opportunities provided by Defendants, as Defendants exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory behavior.

### FIFTEENTH DEFENSE

The Defendants cannot be vicariously liable for punitive damages in light of their good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999).

### SIXTEENTH DEFENSE

The Plaintiff has not met the jurisdictional prerequisites regarding some of its claims under Title VII of the Civil Rights Act of 1964.  Therefore, this Court does not have jurisdiction over the subject matter of those claims.

### SEVENTEENTH DEFENSE

To the extent that the Plaintiff's Complaint asserts claims on behalf of persons who failed to file Charges of Discrimination within 300 days after certain alleged employment practices occurred, such charges are untimely pursuant to the provisions of Title VII of the Civil Rights Act of 1964 and Defendants plead such untimeliness in bar of such claims.

## EIGHTEENTH DEFENSE

The Plaintiff's Complaint should be dismissed to the extent that it asserts claims on behalf of persons who lack standing to bring claims against Defendants because such claims are the property of a bankruptcy estate.

## NINETEENTH DEFENSE

The Plaintiff's Complaint should be dismissed to the extent that it asserts claims on behalf of persons who are judicially estopped from bringing claims against Defendants because they failed to identify such claims as assets in a bankruptcy petition.

## TWENTIETH DEFENSE

The Defendants deny that race, retaliation, or any other impermissible factor played any role in the challenged employment decisions. Alternatively, even if some impermissible motive had been a factor in any of those decisions, the same decisions would have been reached for legitimate, nondiscriminatory, non-retaliatory reasons.

## TWENTY-FIRST DEFENSE

If any improper, illegal, discriminatory, or retaliatory acts were taken by an employee of the Defendants, it was outside the course and scope of that employee's employment, or an independent, intervening and or unforeseeable act, contrary to the Defendants' policies, and was not ratified, confirmed, or approved by the Defendants. Thus, any such actions cannot be attributed or imputed to the Defendants.

The Defendants reserve the right to assert additional defenses or affirmative defenses as established by the facts of this case.

WHEREFORE, having fully responded to the Plaintiff's Complaint, the Defendants respectfully request that the Court dismiss the Plaintiff's claims with prejudice, award the

Defendants their costs and reasonable attorneys' fees incurred in this lawsuit, and allow the

Defendants such other and further relief as this Court deems proper.

Respectfully submitted,

YELLOW TRANSPORTATION, INC.

By:  Margo Wolf O'Donnell
       One of Its Attorneys

| | |
|---|---|
| Kevin W. Shaughnessy, Esq. | Margo Wolf O'Donnell |
| Florida Bar No.:  0473448 | Bar No. 06225758 |
| PRO HAC VICE PENDING | **VEDDER PRICE P.C.** |
| Tracey L. Ellerson, Esq. | 222 North LaSalle Street |
| Florida Bar No.:  0118486 | Suite 2600 |
| PRO HAC VICE PENDING | Chicago, IL  60601-1003 |
| **BAKER & HOSTETLER, LLP** | Telephone:  (312) 609-7500 |
| Post Office Box 12 | Dated:  February 22, 2010 |
| 200 South Orange Avenue | |
| Sun Trust Center, Suite 2300 | |
| Orlando, Florida  32802-0112 | |
| Telephone:  (407) 649-4000 | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 22, 2010, I served the foregoing Answer and

Defenses using the Court's CM/ECF system on the following:

> Richard John Mrizek
> Equal Employment Opportunity Commission
> 500 W. Madison, Room 2000
> Chicago, Illinois  60661

> Deborah Lois Hamilton
> Equal Employment Opportunity Commission
> 500 W. Madison, Room 2000
> Chicago, Illinois  60661

> Ethan M. M. Cohen
> Equal Employment Opportunity Commission
> 500 W. Madison, Room 2000
> Chicago, Illinois  60661

I FURTHER HEREBY CERTIFY that on February 22, 2010, I served the foregoing

Answer and Defenses by U.S. Mail on the following:

> James Lee
> Deputy General Counsel
> Equal Employment Opportunity Commission
> 1801 "L" Street, N.W.
> Washington, D.C.  20507

> Gwendolyn Young Reams
> Associate General Counsel
> Equal Employment Opportunity Commission
> 1801 "L" Street, N.W.
> Washington, D.C.  20507

> John C. Hendrickson
> Regional Attorney
> Equal Employment Opportunity Commission
> 500 W. Madison, Room 2000
> Chicago, Illinois  60661

Gregory Gochanour
Supervisory Trial Attorney
Equal Employment Opportunity Commission
500 W. Madison, Room 2000
Chicago, Illinois  60661

*Counsel for Plaintiff*

By: <u>Margo Wolf O'Donnell</u>
    Margo Wolf O'Donnell