IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br> v. <br><br> YELLOW TRANSPORTATION, INC., and YRC INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 09 C 7693 <br><br> Judge James F. Holderman <br><br> Magistrate Judge Susan E. Cox |

### MOTION FOR LEAVE TO INTERVENE AS PLAINTIFFS

CHARLES BROWN, JEFFREY BURKS, ANTONIO COLON, JAMES DEMOSS, JAMESON DIXON, CLARK FAULKNER, KENNETH GEORGE, LEONARD GREGORY, MARSHUN HILL, MACK LEONARD, CEDRIC MUSE, LAROY WASHINGTON, DARRELLWILLIAMS, CHARLES WOODS, and MICHAEL WOODS, hereby move this Court for leave to intervene pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure and 42 U.S.C. § 2000e-5(f)(1). Attached hereto as Exhibit A, is the Intervening Plaintiffs' proposed Complaint in Intervention.

In support of this Motion, Intervening Plaintiffs state as follows:

1. Each of the Intervening Plaintiffs, with the exception of Cedric Muse, filed a Charge of Discrimination with the United States Equal Opportunity Commission ("EEOC") against their employer, Yellow Transportation, Inc. ("Yellow"). In their Charges, Intervening Plaintiffs alleged that Yellow created a racially hostile work environment at Yellow's Chicago Ridge facility, located at 10301 S. Harlem Ave., Chicago Ridge, Illinois (the "Chicago Ridge facility"). Intervening Plaintiffs also alleged class-wide race discrimination at the Chicago Ridge facility.

2. Cedric Muse was similarly situated to Intervening Plaintiffs who filed EEOC Charges. He was employed by Yellow during the time frame of the EEOC investigation, was

1

subjected to the same hostile work environment and discrimination as all other Intervening Plaintiffs, and remains employed by Defendants.

3.  Yellow was a wholly owned subsidiary of YRC, Inc. In March 2009, YRC merged the operations of Yellow with Roadway Express, another wholly owned subsidiary of YRC. Yellow and Roadway Express now operate as YRC. In December 2009, YRC closed Yellow's Chicago Ridge facility. All Intervening Plaintiffs who were not terminated or laid off were subsequently transferred to YRC's Chicago Heights facility, located at 2000 Lincoln Highway, Chicago Heights, Illinois.

3.  On December 10, 2009, the EEOC filed a Complaint against Defendants, alleging a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. The action alleges that the Defendants had engaged and continue to engage in unlawful race discrimination and harassment. EEOC Complaint ¶ 14. The Complaint was based on the allegations contained in the Charges filed by the Intervening Plaintiffs.

4.  The Intervening Plaintiffs present claims that have questions of law and fact in common with the EEOC's Complaint. Each of the Intervening Plaintiff assert claims arising out of the same unlawful conduct as that alleged in the Intervening Plaintiffs' EEOC Charges, and each is an aggrieved person pursuant to 42 U.S.C. § 2000e-5(f)(1). The factual allegations of the Intervening Plaintiffs' claims support the claims brought by the EEOC. Intervening Plaintiffs are thus entitled to intervene as a matter of right pursuant to Fed. R. Civ. P. Rule 24(a)(1). *E.E.O.C. v. J.D. Streett & Co., Inc.,* 2006 WL 839444, *1 (S.D. Ill. Mar. 29, 2006).

5.  Intervening Plaintiffs are also entitled to permissive intervention pursuant to Rule 24(b) since their claims and the main action have questions of law and fact in common. *See e.g. E.E.O.C. v. Regis Corp.*, 2001 WL 1911025, *1 (N.D. Ill. Jan. 17, 2001). The rule is meant to

avoid multiplicity of suits where common questions of law or fact are involved. *Regis,* 2001 WL at *1. Here, the main action is entirely based on Intervening Plaintiffs' allegations. Therefore, denying intervention would necessarily cause a multiplicity of suits involving common questions of law and fact.

      6.    Intervening Plaintiffs' Motion is timely. The Defendants filed their Answer on February 22, 2010, and no discovery has yet taken place.

WHEREFORE, Plaintiffs respectfully request that this Court grant them leave to file the attached Complaint in Intervention.

                                                Respectfully submitted,

                                                By:   *s/Carol Coplan Babbitt*
                                                        One of Plaintiffs' Attorneys

Randall D. Schmidt
Edwin F. Mandel Legal Aid Clinic
of the University of Chicago Law School
6020 S. University Ave.
Chicago, IL  60637
773 702-9611

Carol Coplan Babbitt
Law Offices of Carol Coplan Babbitt
35 East Wacker Drive
Suite 650
Chicago, Illinois 60601
(312) 435-9775

Catherine Caporusso
Law Office of Catherine Caporusso
53 W. Jackson
Suite 504
Chicago, Illinois  60602
(312)933-0655