## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    Plaintiff, | ) ) ) ) | |
| CHARLES E. BROWN, JEFFREY BURKS, ANTONIO COLON, JAMES DEMOSS, JAMESON DIXON, CLARK FAULKNER, KENNETH GEORGE, LEONARD GREGORY, MARSHUN HILL, MACK LEONARD, CEDRIC MUSE, LAROY WASHINGTON, DARRELL WILLIAMS, CHARLES WOODS and MICHAEL WOODS,<br>    Intervening Plaintiffs, | ) ) ) ) ) ) ) ) ) ) | |
|     v. | ) ) | Case No. 09 CV 7693 |
| YELLOW TRANSPORTATION, INC. and YRC, Inc.,<br>    Defendants. | ) ) ) | Magistrate Judge Cox |
| CHARLES BROWN, JEFFERY BURKS, ANTONIO COLON, JAMES DEMOSS, JAMESON DIXON, CLARK FAULKNER, KENNETH GEORGE, LEONARD GREGORY, MARSHUN HILL, CEDRIC MUSE, LAROY WASHINGTON, DARRELL WILLIAMS, CHARLES WOODS, MICHAEL WOODS, MACK LEONARD, on behalf of themselves and similarly situated African-American employees,<br>    Plaintiffs, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 08 CV 5908<br><br>Magistrate Judge Cox |
|     v. | ) ) | |
| YELLOW TRANSPORTATION, INC., and YRC, INC.,<br>    Defendants. | ) ) ) | |

## CONSENT DECREE

## THE LITIGATION

1.       Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed suit

(case number 09 CV 7693) against Defendants, Yellow Transportation, Inc. and YRC Inc., d/b/a

YRC Freight (collectively "YRC" or the "Defendant"), under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, (the "EEOC Chicago Ridge Title VII case"), alleging that YRC discriminated against African-American employees at its Chicago Ridge facility. EEOC alleged that YRC violated Title VII by unlawfully discriminating against a class of Black employees by fostering a hostile work environment based upon race, and unlawfully discriminated against its Black employees in the terms and conditions of employment. On October 6, 2010, current and former YRC employees Charles E. Brown, Jeffrey Burks, Antonio Colon, James DeMoss, Jameson Dixon, Clark Faulkner, Kenneth George, Leonard Gregory, Marshun Hill, Mack Leonard, Cedric Muse, Laroy Washington, Darrell Williams, Charles Woods and Michael Woods ("Intervening Plaintiffs") filed a Complaint in Intervention in EEOC's action alleging that YRC violated Title VII by unlawfully discriminating against them individually by fostering a hostile work environment based upon race, and unlawfully discriminated against them in the terms and conditions of their employment at Chicago Ridge.

2.       Prior to the EEOC Chicago Ridge Title VII case, on October 15, 2008, 14 of the 15 Intervening Plaintiffs filed a Complaint (case number 08 CV 5908), alleging that YRC had violated Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), by discriminating against them and a class of current and former Black employees who worked on the dock or in the yard (as spotters) at Chicago Ridge (the "Chicago Ridge Section 1981 case"). On July 10, 2010, the Court allowed Mack Leonard to join in the Chicago Ridge Section 1981 case as a Named Plaintiff and allowed the Named Plaintiffs to file their Corrected Amended Complaint ("Amended Complaint").

3.       On May 11, 2011, the Court in the Chicago Ridge Section 1981 case certified a class of Black employees who had worked at the Chicago Ridge facility under Rule 23(b)(3) of

the Federal Rules of Civil Procedure, defined as follows:

> All current and former African-American employees employed between October 15, 2004, and the present by YRC Inc. and Yellow Transportation, Inc., on its docks, in offices located on or near the docks, or in the yard in the positions of dock worker, hostler, spotter, janitor, supervisor, or clerical (including as a "casual," "10%," "regular," full-time or other employee) at their facility located at 10301 S. Harlem Ave., Chicago Ridge, Illinois ("Chicago Ridge") and including those Chicago Ridge African-American employees transferred in 2009 to work at the facility located at 2000 Lincoln Highway, Chicago Heights, Illinois ("Chicago Heights").

4.  The EEOC Chicago Ridge Title VII case and the Chicago Ridge Section 1981 case have been consolidated for purposes of entering this Consent Decree (the "Decree"). Class Notice was issued to the Chicago Ridge Section 1981 case class on March 15, 2012, and it required any individual desiring to opt-out of the class to notify Section 1981 Class Counsel, before May 15, 2012, of their desire to opt-out. No member of the class opted-out of the certified class, and YRC faces no additional exposure for Section 1981 claims of current or former African-American YRC employees, as described in the certified class, arising on or after October 2004.

5.  In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, all Parties in all of the above cases have agreed that these actions pertaining to Chicago Ridge should be finally resolved by Entry of this Decree.

6.  By entering into this Decree, no party makes any admission regarding any claims or potential claims or any defenses thereto.

7.  This Decree fully and finally resolves any and all issues and claims arising out of the Complaints, Amended Complaints, and Complaints in Intervention in the EEOC Chicago Ridge Title VII case and the Chicago Ridge Section 1981 case.

**DEFINITIONS**

8.     In addition to the terms defined elsewhere in the Consent Decree, the following terms shall have the following meanings:

A.     "EEOC Settlement Class" shall mean those individuals who submitted claims to EEOC and who also were identified to YRC's Counsel in the EEOC Chicago Ridge Title VII case.

B.     "Section 1981 Settlement Class" shall mean all current and former African-American employees employed between October 15, 2004, and the present by YRC Inc. and Yellow Transportation, Inc., on its docks, in offices located on or near the docks, or in the yard in the positions of dock worker, hostler, spotter, janitor, supervisor, or clerical (including as a "casual," "10%," "regular," full-time or other employee) at Chicago Ridge and including those Chicago Ridge African-American employees transferred in 2009 to work at Chicago Heights.

C.     "Settlement Class" shall mean the combined EEOC Settlement Class and the Section 1981 Settlement Class.

D.     "Intervening Plaintiffs" shall mean Charles Brown, Jeffrey Burks, Antonio Colon, James DeMoss, Jameson Dixon, Clark Faulkner, Kenneth George, Leonard Gregory, Marshun Hill, Mack Leonard, Cedric Muse, Laroy Washington, Darrell Williams, Charles Woods, and Michael Woods.

E.     "Intervenors' Counsel" refers to Carol Coplan Babbitt, Catherine A. Caporusso, Randall D. Schmidt, and the University of Chicago's Edwin F. Mandel Legal Clinic.

F.     "Section 1981 Named Plaintiffs" refers to Charles Brown, Jeffrey Burks, Antonio Colon, James DeMoss, Jameson Dixon, Clark Faulkner, Kenneth George, Leonard

Gregory, Marshun Hill, Mack Leonard, Cedric Muse, Laroy Washington, Darrell Williams, Charles Woods, and Michael Woods.

        G.    "Section 1981 Class Counsel" refers to Carol Coplan Babbitt, Catherine A. Caporusso, Randall D. Schmidt, and the University of Chicago's Edwin F. Mandel Legal Clinic.

        H.    "Defendant" or "Company" shall mean Yellow Transportation, Inc. and YRC, Inc. d/b/a YRC Freight, and any of their predecessors or successors in interest.

        I.    "Parties" means EEOC, Intervening Plaintiffs, Section 1981 Named Plaintiffs, and Defendant.

        J.    "Plaintiffs" means EEOC, Intervening Plaintiffs, and the Section 1981 Named Plaintiffs.

        K.    "Claimant" means each member of the Settlement Class who timely submits a claim form.

        L.    "Preliminary Approval" of the Consent Decree means the date when the United States District Court for the Northern District of Illinois has granted conditional approval of the proposed Consent Decree, subject to notice and a Fairness Hearing with regard to the Chicago Ridge Section 1981 case class settlement.

        M.    "Final Approval of the Consent Decree" means the date when notice is received by the Parties through the Court's ECF system that the United States District Court for the Northern District of Illinois, Eastern Division has held a Fairness Hearing with regard to the settlement, has approved the settlement under Rule 23(e) of the Federal Rules of Civil Procedure, and has granted final approval of the Decree.

N.     "YRC's Chicago Heights operation" means YRC's existing Chicago Heights break bulk facility located at 2000 East Lincoln Highway, Chicago Heights, Illinois 60411.

O.     "Settlement Fund" means the monetary fund set up for the purpose of providing monetary awards to Claimants and out of which Intervening Plaintiffs/Named Plaintiffs and Section 1981 Class Counsel will be paid.

P.     "Approval of Distribution" means the date the Parties receive notice through the Court's ECF system that the United States District Court for the Northern District of Illinois, Eastern Division has approved the distribution of the settlement fund.

Q.     "YRC's Chicago break bulk dock operation" means (i) YRC's existing Chicago Heights break bulk facility located at 2000 East Lincoln Highway, Chicago Heights, Illinois  60411, and (ii) if the existing Chicago Heights break bulk facility is closed down or substantially moved to another YRC break bulk facility within fifty (50) miles of the existing Chicago Heights facility, then any additional YRC break bulk facility where more than fifty (50) percent of the African-American workers at the YRC break bulk facility are members of the Settlement Class.

### FINDINGS

9.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

a.     This Court has jurisdiction of the subject matter of the EEOC Chicago Ridge Title VII case, the Chicago Ridge Section 1981 case, and of the Parties in each case.

b.    The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, YRC, the Intervening Plaintiffs, the EEOC Settlement Class, the Section 1981 Settlement Class, and the public interest are adequately protected by this Decree.

c.    This Decree conforms to the Federal Rules of Civil Procedure, Title VII, and Section 1981, and is not in derogation of the rights or privileges of any person. The Entry of this Decree will further the objectives of Title VII and Section 1981, and will be in the best interests of EEOC, YRC, the Intervening Plaintiffs, the EEOC Settlement Class, the Section 1981 Settlement Class, and the public.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

### MONETARY RELIEF

10.    The aggregate sum of Eleven Million Dollars ($11,000,000.00) shall be distributed to the Claimants, Intervening Plaintiffs/Named Plaintiffs, and the Section 1981 Class Counsel in accordance with the terms of this Decree.

### ESTABLISHMENT OF SETTLEMENT FUNDS & MONETARY ALLOCATION

11.    By July 15, 2012, Defendants shall pay the aggregate sum of Five Million Five Hundred Thousand Dollars ($5,500,000.00) (the "Initial Payment"). The Initial Payment shall be deposited by wire transfer into an account held in trust as set forth in Paragraph 12 below and administered by EEOC and the Section 1981 Class Counsel under the Court's supervision, which shall constitute the Settlement Fund for the purpose of providing monetary awards to Claimants, Intervening Plaintiffs/Named Plaintiffs, and Section 1981 Class Counsel. The Settlement Fund shall be established at Seaway National Bank of Chicago (or such other institution identified by EEOC and Section 1981 Class Counsel). Any interest accrued by the Settlement Fund will be

used to pay expenses associated with the administration of the Settlement Fund. Any interest in excess of the costs of administration shall be distributed to Claimants and Intervening Plaintiffs/Named Plaintiffs in accordance to the distribution plan approved by the Court. Other than withdrawal of accrued interest to pay expenses associated with the administration of the Settlement Fund, all payments from this Settlement Fund shall go to Claimants, Intervening Plaintiffs/Named Plaintiffs, and Section 1981 Class Counsel only in accord with the distribution approved by the Court pursuant to Paragraphs 16, 36, and 38 below.

12.     The Settlement Fund shall be an irrevocable trust under Illinois law and a Qualified Settlement Fund under Section 468B of the Internal Revenue Code and shall be administered by EEOC and the Section 1981 Class Counsel under the Court's supervision.

13.     By November 15, 2012, or within 30 days after Final Approval, whichever is later, Defendants shall pay by wire transfer to the Settlement Fund an additional aggregate sum of Five Million Five Hundred Thousand Dollars ($5,500,000.00).

14.     Within 5 business days of Approval of Distribution, Intervenors' Counsel/Section 1981 Class Counsel shall be paid a sum of One Million One Hundred Thousand Dollars ($1,100,000.00) out of the Settlement Fund. This payment is payment in full for Intervenors' Counsel/Section 1981 Class Counsel claims for attorneys' fees and costs incurred in connection with their representation of the Intervening Plaintiffs, the Named Plaintiffs, and the Section 1981 Class, including costs and fees associated with the implementation of this Decree.

15.     All of the funds payable to the EEOC Settlement Class and the Section 1981 Settlement Class will be distributed in accord with the distribution process described in this Decree at Paragraphs 28-39.

**CLAIMS ADMINISTRATOR**

16.     First Class, Inc., 5410 W. Roosevelt Rd., Unit 222, Chicago, Illinois 60644 shall act as Claims Administrator who shall: (a) verify addresses using the national change of address database and mail notices and forms relating to the settlement, claims forms, and claims notices; (b) receive objections and other communications from Section 1981 Settlement Class members regarding the settlement of the Section 1981 Class Action; (c) receive claims forms for the Settlement Fund; (d) transmit notifications of monetary awards; (e) issue checks to eligible Claimants from the Settlement Fund; (f) issue related tax documents; and (g) perform such other administrative tasks as may facilitate the claims process.

17.     Interest accrued by the Settlement Fund will be used to cover costs associated with the distribution of the above funds to Claimants.  To the extent accrued interest does not cover these costs, all outstanding Claims Administrator costs shall be paid by YRC, including, without limitation, all costs associated with the creation of the Settlement Fund, all costs to be paid by the Claims Administrator, and all costs related to the issuance and mailing of notices and checks in accordance with this Decree.

**FAIRNESS HEARING/APPROVAL OF SETTLEMENT**

18.     The Section 1981 Class in the Chicago Ridge Section 1981 case has been certified under Federal Rule of Civil Procedure 23(b)(3).  Notice of the pendency of the Section 1981 Class Action was provided to the class through a notice published in the Chicago Tribune on March 15, 2012, and a Notice mailed to every potential class member on March 16, 2012.  The initial Notice thoroughly described the litigation, the claims made by the Named Plaintiffs, the issues involved and the rights of unnamed class members.  It also notified unnamed class members of their right to opt-out of the class action.  The opt-out period ended on May 15, 2012,

and no class member opted-out.

19. **Notice to Settlement Class Members.** Within 15 days after Preliminary Approval, the Claims Administrator shall provide notice via first class mail using the updated addresses obtained during the initial notice process to all Settlement Class members in a form approved by the Court. The notice shall: (a) state that there is a proposed settlement of the claims in the EEOC case and the Section 1981 case; (b) describe the cases, the terms of the settlement, and that the eligible members of the Settlement Class may submit a Claim Form in the claims process for monetary relief; (c) indicate that the Court will hold a hearing at which time the Court will consider the fairness, adequacy and reasonableness of the proposed settlement; and (d) indicate that Settlement Class members may submit written comments regarding the settlement or appear at the Fairness Hearing. A copy of the Notice to be submitted to the Court for approval is attached hereto as Exhibit B.

20. YRC shall reasonably cooperate with the Claims Administrator, Section 1981 Class Counsel, and EEOC in identifying and locating Settlement Class members. The Claims Administrator will perform a computer database trace for the current addresses of the Settlement Class members formerly employed by YRC.

21. **Fairness Hearing.** A Fairness Hearing to consider the overall fairness, reasonableness and adequacy of the proposed settlement of the EEOC case and the Section 1981 case shall be held approximately 75 days after Preliminary Approval, on a date specified by the Court.

22. **Appearance by Settlement Class Members at Fairness Hearing.** Any member of the Settlement Class may appear at the Fairness Hearing and be heard in opposition to the overall fairness, reasonableness and adequacy of the proposed. Settlement Class members who

wish to object to this Decree or any part of it may be heard at the Fairness Hearing only:

    (a)    if they file with this Court and serve on the Section 1981 Class Counsel, EEOC, and Counsel for YRC, a written statement of their objection;

    (b)    where such statement is received by the Section 1981 Class Counsel, EEOC, Counsel for YRC, and the Court 15 days prior to the Fairness Hearing;

    (c)    where such statement indicates whether they intend to appear at the Fairness Hearing; and

    (d)    if they contemporaneously notify Section 1981 Class Counsel, EEOC, Counsel for YRC, and the Court, of their intention to appear at the Fairness Hearing.

Such objectors may appear at the Fairness Hearing either in person or by counsel. Failure to perform any of these requirements shall be deemed a waiver of any objections. The Parties may, but need not, respond in writing to objections by filing a response with the Court.

23.    If the Court approves the Decree at the Fairness Hearing, the Claims Administrator shall mail notice of Final Approval of the Consent Decree to each Settlement Class member within 10 days of the Fairness Hearing.

24.    **Release of Claims by EEOC**. Upon Final Approval of the Decree, YRC Inc. and Yellow Transportation, Inc., and their current and former shareholders, directors, officers, managers, agents, creditors, employees, attorneys, insurers, and for each of the foregoing, their respective parents, affiliates, subsidiaries, successors and assigns, shall be fully released and forever discharged by EEOC from all issues and claims of EEOC arising from the Complaint filed by EEOC in the EEOC Chicago Ridge Title VII case and the Charges of Discrimination

and Amended Charges of Discrimination underlying this litigation filed by Charles Brown, Jeffrey Burks, Antonio Colon, James DeMoss, Jameson Dixon, Clark Faulkner, Kenneth George, Leonard Gregory, Marshun Hill, Mack Leonard, Laroy Washington, Darrell Williams, Charles Woods, and Michael Woods. This release is final and shall survive the expiration of the Decree's term.

25. **Release of Claims by the Section 1981 Settlement Class.** Upon Final Approval of the Decree, YRC Inc. and Yellow Transportation, Inc., and their current and former shareholders, directors, officers, managers, agents, creditors, employees, attorneys, insurers, and for each of the foregoing, their respective parents, affiliates, subsidiaries, successors and assigns, shall be fully released and forever discharged from any and all individual and/or class-wide claims, demands, complaints, rights and causes of actions of any kind, known or unknown, by each member of the Section 1981 Settlement Class, including their heirs, assigns and estates, whether seeking monetary and/or equitable relief of any sort, which arise out of or are related to the underlying operative facts in any Charge of Discrimination, Amended Charge of Discrimination, Complaint, Amended Complaint, or Complaint in Intervention filed by the Plaintiffs which were, or could have been asserted, all of which are released, extinguished and dismissed pursuant to this Decree. This release is final and shall survive the expiration of the Decree's term.

## CLAIMS PROCESS

26. The Claims Administrator will send out claim forms (Exhibit C) to each member of the Settlement Class, with the notice of settlement via first class mail. Settlement Class members who seek to recover monetary compensation must complete a claim form and cause it to be filed with the Claims Administrator within 75 days after the claim form is mailed. The

claim form must be actually received by the Claims Administrator on or before such date in order to be considered timely. It is the obligation of the Settlement Class member to ensure receipt by the Claims Administrator of the claim form on or before the due date. All claim forms must be signed under penalty of perjury to be considered. All Settlement Class members (including the Intervening Plaintiffs/Section 1981 Named Plaintiffs) who have given a deposition, provided a signed Affidavit, or returned an EEOC Questionnaire in this case shall be considered to have filed a timely claim. EEOC, in its discretion, may require these Claimants to provide additional information in support of their claims.

      a. **Late Claims.** For claims received after the filing deadline, EEOC and Section 1981 Class Counsel shall notify late-filing Settlement Class members that their claims are untimely and that they are not eligible for any monetary award. EEOC or the Section 1981 Class Counsel may reverse the determination that a claim was not timely filed only if the Settlement Class member proves that the untimeliness determination is erroneous.

      b. **Claims of Deceased Persons.** Claims may be submitted on behalf of Claimants who have died provided that a legally-authorized representative of their estate, possessing appropriate documentation (letters testamentary, Small Estate Affidavit or the equivalent), timely submits the required claim forms. Any claims paid to a deceased Claimant shall be made payable to the estate of the deceased Claimant.

27. The Claims Administrator shall forward claim forms and supporting documentation to EEOC and Section 1981 Class Counsel on a rolling basis.

## DETERMINATION OF CLAIMS

28. Within 60 days of the deadline for receiving claim forms, EEOC shall make a determination as to whether the Claimants who filed timely claims are eligible to receive a

monetary award and, if so, EEOC shall determine the amount of each monetary award. In making such determinations, EEOC may consider whatever evidence EEOC deems appropriate, including, but not limited to, evidence received by EEOC in its investigation of the charges of discrimination underlying this action, in connection with its litigation of this action, and in connection with the claims process provided by this Decree. If a claim form is determined to be incomplete by EEOC, EEOC may request additional information from the Claimant, if it appears that such additional information would complete the claim form. The Claimant must provide the requested information, signed under penalty of perjury, to EEOC by mail with a postmark no later than 14 days from the date of the mailed request for information.

29.     EEOC may ask YRC to provide necessary information and data that has not already been provided to EEOC or to Section 1981 Class Counsel to make award determinations. YRC will respond to all reasonable EEOC requests for information relating to the Claimants within 30 days of the receipt of the request, or as soon as practicable, by providing all responsive documents and information available to YRC. The information requested by EEOC of YRC pursuant to this Paragraph shall be limited to the Claimants' job duties and titles, work histories, dates of termination, dates of leave, and any other information that is reasonably available to YRC relating to the Claimants.

30.     EEOC will determine the amount of each Claimant's monetary award based on a point system developed by EEOC and Section 1981 Class Counsel. This point system will take into account several factors, including: (i) length of employment, (ii) dates of employment, (iii) job assignments/classifications, (iv) the severity of the alleged harassment or discrimination, (v) whether the alleged harassment or discrimination was personally directed at the Claimant, (vi) the duration of the alleged harassment or discrimination, (vii) the extent of the alleged harm, (vii)

whether the Claimant alleged to have been actually or constructively discharged, (viii) the managerial status of the persons involved, (ix) whether the Claimant allegedly received more difficult work assignments because of race, (x) whether the Claimant allegedly received shorter breaks because of race, (xi) whether the Claimant allegedly received harsher or more frequent discipline because of race, (xii) whether the Claimant allegedly failed to receive opportunities to be a hostler/spotter, (xiii) whether the Claimant allegedly failed to be timely moved from a casual position to permanent status, (xiv) whether the Claimant allegedly complained of discrimination, (xv) the Claimant's participation and cooperation with EEOC and the Section 1981 Class Counsel in the litigation of these cases, and (xvi) overall strength of the alleged claim as determined by EEOC. The monetary award will constitute non-pecuniary compensatory damages.

31.     EEOC's determination of the amount of monetary relief to be received by the Claimants under this Decree shall be submitted to the Section 1981 Class Counsel and approved by the Court. YRC will not participate in or object to EEOC's determinations.

32.     Each of the Section 1981 Named Plaintiffs shall receive an incentive payment in an amount to be recommended by the Section 1981 Class Counsel and EEOC, and approved by the Court. These incentive payments will be in the range of $15,000.00 to $35,000.00, and shall be in addition to the amount they are awarded through the claims process.

33.     An amount of $100,000.00 will be set aside from the initial distribution in the Settlement Fund to pay out to Claimants who have demonstrated an error in the claims process. EEOC and the Section 1981 Class Counsel, with the approval of the Court, may make additional payments to Claimants to correct errors in the claims process. Any money that remains in the account after this process shall be added to the payments made to the Claimants in proportion to

the amount of their award.

## MOTION FOR APPROVAL OF DISTRIBUTION OF SETTLEMENT FUNDS

34.     Within 14 days of the determination of all claims, EEOC and the Section 1981 Class Counsel shall file a motion with the Court seeking Approval of the Distribution of the Settlement Fund among those eligible Claimants who have executed and timely returned their claim forms and the required Release.  In connection with this motion, EEOC and the Section 1981 Class Counsel shall (i) seek approval of the process developed by EEOC and Section 1981 Class Counsel pursuant to Paragraph 30, used to determine the distribution, and (ii) file a proposed settlement distribution list, which shall contain the redacted name and proposed gross settlement amount for each eligible Claimant.  A non-redacted list shall be submitted to the Court for *in camera* inspection, and filed under seal.  YRC shall not challenge the proposed settlement distribution list.  After appropriate review, in connection with which EEOC shall provide any information within EEOC's possession that the Court requests, the Court will enter an Order Approving the Allocation of the Settlement Funds and the distribution thereof pursuant to this Decree.

## NOTIFICATION OF AWARDS

35.     Within 7 days of the Order Approving the Distribution of the Settlement Funds, EEOC and Section 1981 Class Counsel shall cause the Claims Administrator to notify each Claimant (both eligible Claimants as well as those not receiving a monetary award) via U.S. First Class Mail of the amount of his/her monetary award, if any.

36.     Along with the Notification of Award, the Claims Administrator shall mail to each eligible Claimant a Release (a copy of which is attached hereto as Exhibit A).  Each eligible Claimant will be notified that in order to receive monetary payments under this Decree, he/she

must execute and deliver to the Claims Administrator a Release, which will become effective upon the Claimant's receipt of his or her distribution. The letter will inform each eligible Claimant that such Release must be signed and mailed to the Claims Administrator so that it is actually received by the Claims Administrator within 45 days of the mailing of the Notification of Award. Any eligible Claimant whose executed Release is not actually received by the Claims Administrator within 45 days of the mailing of the Notification Award shall be ineligible for and forever barred from receiving any relief under this Decree, unless EEOC and Section 1981 Class Counsel determine that such individual is eligible to be paid out of the administrative error fund (and provided that the Release is executed). The Claims Administrator shall promptly provide all original signed Releases to YRC and provide copies to the Section 1981 Class Counsel and EEOC.

## ADJUSTMENT OF AWARDS DUE TO ADMINISTRATIVE ERROR

37. Within 60 days of Approval of Distribution, EEOC and Section 1981 Class Counsel may seek the Court's approval to award money or adjust awards for Claimants due to administrative error as provided in Paragraph 33. Any adjustment must take place within 60 days of Approval of Distribution. After 60 days, EEOC will instruct the Claims Administrator to allocate any of the un-awarded money to the Claimants in proportion to the amount of their award.

## DISTRIBUTION OF SETTLEMENT FUND

38. Within 70 days after the Court's Approval of Distribution of Settlement Funds, EEOC and the Section 1981 Class Counsel will send the Claims Administrator the final settlement distribution list, including allocation of any un-awarded money that had been set aside for administrative error. Within 7 days of receipt of the final distribution list, the Claims

Administrator shall issue and mail checks to the eligible Claimants in the amount reflected in the final settlement distribution list. The Claims Administrator will issue an IRS Form 1099 to each Claimant reflecting the amount paid to that individual. The Court finds that the payments shall constitute compensation for non-pecuniary damages and shall not be subject to any payroll deductions. The Parties acknowledge that no party or its attorneys are making any representations regarding the taxability or non-taxability of the payments to Claimants. As directed by EEOC or Section 1981 Class Counsel, the Claims Administrator shall take further steps in a timely manner to reach those Claimants who did not receive and/or deposit their settlement checks.

## SURPLUS FUNDS FROM CONSENT DECREE

39.    In the event that any portion of the Settlement Fund, including accrued interest, has not been distributed as required by this Decree after a period of 120 days has elapsed from the date on which the settlement checks were mailed by the Claims Administrator, then such remaining amounts from the Settlement Fund shall be provided to the Aurora/Quad County Chapter of the Urban League, a non-profit organization jointly identified by EEOC and YRC that serves the area of the YRC's Chicago break bulk dock operation to further the job training and hiring of minority workers.

## SPECIFIC INJUNCTIVE PROVISIONS

40.    The Court finds that the Chicago Ridge terminal closed on or before December 31, 2009, and that there are no operations currently in place at Chicago Ridge. There are approximately 51 members of the Settlement Class on active status at Chicago Heights. In addition, there are approximately 53 members of the Settlement Class on leave or layoff status at Chicago Heights.

Page 18 of 23

41. Chicago Heights is already subject to a Consent Decree issued by this Court in the consolidated cases of *EEOC v. Roadway Express, Inc. and YRC, Inc.*, Case Nos. 06 CV 4805 and 08 CV 5555 and *William Bandy, et al. v. Roadway Express, Inc. and YRC, Inc.*, Case No. 10 CV 5305 ("Chicago Heights Consent Decree").

42. The Court has reviewed the Chicago Heights Consent Decree as amended by the Order issued on June 27, 2012 (case no. 06-cv-4805, docket no. 193), and finds that it adequately protects the interests of the Settlement Class and that there is no need for additional injunctive relief concerning the EEOC Settlement Class and the Section 1981 Settlement Class members in this case.

43. Within 10 days after Final Approval of the Consent Decree, YRC shall post copies of the Notice attached as Exhibit D to this Decree at YRC's Chicago break bulk dock operation on the bulletin boards usually used by YRC for posting governmental notices directed to employees. The Notice shall remain posted for the duration of the Chicago Heights Consent Decree. YRC shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. YRC shall certify to the EEOC in writing within 10 days after Final Approval of the Consent Decree that the Notice has been properly posted. YRC shall permit the Monitor to enter YRC's Chicago bulk break dock operation premises for purposes of verifying compliance with this Paragraph at any time during normal business hours.

## MISCELLANEOUS PROVISIONS

44. **Counterparts**. This Decree may be executed by the Parties in one or more counterparts each of which shall be deemed an original but all of which together shall constitute one and the same instrument. An executed photocopy shall be deemed an original.

45. **Binding Upon Successors**. The terms of this Decree shall be binding upon the

present and future directors, officers, managers, agents, successors and assigns of YRC. YRC, and any successor(s) of YRC, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with YRC, or any successor of YRC, prior to the effectiveness of any such acquisition or merger.

46. **Notices**. Any notices to be given to the Parties under this Decree will be deemed sufficient if mailed by first class mail to:

Counsel for Plaintiffs

The EEOC: Richard J. Mrizek, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661.

And:

Intervenors' Counsel/Section 1981 Class Counsel: Randall Schmidt, Clinical Professor of Law, Director Employment Law Project, Edwin F. Mandel Legal Aid Clinic, University of Chicago Law School, 6020 S. University Ave., Chicago, Illinois 60637.

Counsel for YRC: Kevin W. Shaughnessy, Baker & Hostetler LLP, 200 S. Orange Avenue, Suite 2300, Orlando, Florida 32801.

47. **Entire Agreement**. This Decree constitutes the entire agreement between YRC and Plaintiffs hereto with respect to the matters herein, and it supersedes all negotiations, representations, comments, contracts and writings prior to the date of this Consent Decree.

48. **Interpretation and Severability**. Whenever possible, each provision and term of this Decree shall be interpreted in such a manner as to be valid and enforceable; provided, however, that in the event any provision or term of this Decree should be determined to be or rendered invalid or unenforceable (by an Act of Congress or otherwise), all other provisions and terms of this Decree shall remain unaffected and in full force and effect to the extent permitted by law.

49. **Modifications**. YRC, EEOC, and Section 1981 Class Counsel may jointly agree,

in writing, to modify the Consent Decree with the approval of the Court.

50.     **Enforceability**. YRC, EEOC, and Section 1981 Class Counsel shall make a good faith effort to defend this Decree from any legal challenge whether by appeal, collateral attack, or objection.

## DISPUTE RESOLUTION

51.     If during the term of this Decree any party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other Parties of the alleged non-compliance and shall afford the alleged non-complying party 10 business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied.  If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within 10 business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

52.     Except as is necessary to enforce the posting requirement in Paragraph 43, this Decree shall be in effect until 30 days after all money has been paid from the Settlement Fund and all disputes, if any, under Paragraph 43 have been resolved.  The Court shall retain jurisdiction of the EEOC Chicago Ridge Title VII case only for the purpose of enforcing the posting requirement in Paragraph 43.  Upon the latter of the expiration of the 30-day period or 30 days after all disputes, if any, have been resolved, the Court shall dismiss the Chicago Ridge Section 1981 case with prejudice.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

For YRC INC.


KEVIN W. SHAUGHNESSY
Baker & Hostetler LLP
200 S. Orange Avenue, Suite 2300
Orlando, FL 32801


_____
COUNSEL FOR YRC INC.

_____
JOHN C. HENDRICKSON
Regional Attorney

_____
GREGORY GOCHANOUR
Supervisory Trial Attorney

_____
RICHARD J. MRIZEK
Trial Attorney

U.S. Equal Employment
Opportunity Commission
500 W. Madison, Suite 2000
Chicago, Illinois 60661
(312) 869-8117

For INTERVENING PLAINTIFFS and the SECTION 1981 CLASS

RANDALL D. SCHMIDT
Edwin F. Mandel Legal Aid Clinic
    of the University of Chicago law School
6020 S. University Ave.
Chicago, IL 60637
(773) 702-9611

CAROL COPLAN BABBITT
The Law Office of Carol Coplan Babbitt
35 E. Wacker Dr.
Suite 650
Chicago, IL 60601
(312) 435-9775

CATHERINE A. CAPORUSSO
Law Office of Catherine Caporusso
53 W. Jackson
Suite 505
Chicago, IL 60604
312-933-0655

ENTERED:

United States District Court
Magistrate Judge Susan Cox

Date: 9-25-12

Page 23 of 23

## EXHIBIT A

## RELEASE AGREEMENT

I,_____, for and in consideration of the sum of $ _____ payable to me pursuant to the terms of the Consent Decree entered by the Court in *EEOC v. Yellow Transp.*, 09 CV 7693 (N.D. Ill.), and *Brown, et al. v. Yellow Transp.*, 08 CV 5908 (N.D. Ill.), on behalf of myself, my heirs, assigns, executors, and agents, do hereby forever release, waive, remise, acquit, and discharge YRC Inc., and Yellow Transportation, Inc., and their current and former shareholders, directors, officers, managers, agents, creditors, employees, attorneys, insurers, and for each of the foregoing, their respective parents, affiliates, subsidiaries, successors and assigns (collectively, the Released Entities), from any and all claims and causes of action of any kind, known or unknown, which I now have or ever have had under Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and any other similar or related federal, state, or local employment discrimination or civil rights law, regulation, or ordinance arising from or related to the underlying facts and claims which were asserted in *EEOC v. Yellow Transp.*, 09 C 7693 (N.D. Ill.), and *Brown, et al. v. Yellow Transp.*, 08 C 5908 (N.D. Ill.).

I understand that by executing this Agreement, the Released Entities are not admitting any violation of my rights under statutory or common law. I also understand that this release is effective only so long as each of the payments due and owing under the Decree is paid to me. Should any payment fail to be made, the release is null and void.

_____
Date

_____
Signature

Page 1 of 23

EXHIBIT B

***THIS IS A NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT***
***THIS IS NOT A SUMMONS OR AN ORDER TO COME TO COURT***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES BROWN, et al., on behalf of themselves and similarly situated African-American employees, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 08 CV 5908 |
| v. | ) ) | Magistrate Judge Susan E. Cox |
| YELLOW TRANSPORTATION, INC., and YRC, INC., | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 09 CV 7693 |
| v. | ) ) | Magistrate Judge Susan E. Cox |
| YELLOW TRANSPORTATION, INC., and YRC, INC., | ) ) ) | |
| Defendants. | ) | |

## PRELIMINARY NOTICE OF SETTLEMENT OF DISCRIMINATION AND HARASSMENT CLASS ACTION LAWSUIT

This Notice is being sent to you, as ordered by the Court, to advise you of the preliminary approval of the settlement of two employment discrimination cases against the company formerly known as Yellow Transportation and now known as YRC Inc., with regard to its former terminal in Chicago Ridge, Illinois. In *Brown v. Yellow,* 08 CV 5908, the Plaintiffs (Charles Brown, Jeffrey Burks, Antonio Colon, James DeMoss, Jameson Dixon, Clark Faulkner, Kenneth George, Leonard Gregory, Marshun Hill, Mack Leonard, Cedric Muse, Laroy Washington,

Darrell Williams, Charles Woods, and Michael Woods) individually and on behalf of a class of African-American employees and former employees brought suit alleging, among other things, that Yellow Transportation, Inc., and YRC Inc. ("Yellow/YRC") violated the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), by unlawfully discriminating against a class of African-American employees at Yellow/YRC's facility at 10301 South Harlem Avenue, Chicago Ridge, Illinois ("Chicago Ridge"), by fostering a hostile work environment based upon race, and unlawfully discriminated against its African-American employees in the terms and conditions of employment (the "Section 1981 case"). Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed suit (case number 09 CV 7693) against Yellow/YRC under Title VII of the Civil Rights Act of 1964 ( "Title VII"), 42 U.S.C. §2000e, *et seq.*, (the "EEOC case"), making similar claims. These cases are now consolidated for settlement purposes.

**IF YOU ARE A CLASS MEMBER, YOU MUST NOW DECIDE WHAT ACTION YOU WILL TAKE IN RESPONSE TO THE PROPOSED SETTLEMENT OF THE CLASS ACTION.**

**Your legal rights are affected whether you act or don't act. Read this notice carefully.**

| | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment. Give up rights. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice. The Court in charge of this case still has to decide whether to approve the settlement. If the Court approves the settlement, payments will be made after Claim Forms are reviewed. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................**4**
    1.    Why Have I Received This Notice?............................................. 4
    2.    What Is This Lawsuit About?...................................................... 4
    3.    Why Is This Lawsuit A Class Action?......................................... 4
    4.    Why Is There A Settlement?....................................................... 5
    5.    Who Is In The Settlement? ......................................................... 5

**THE SETTLEMENT BENEFITS—WHAT YOU GET** ...................................**5**
    6.    What Does The Settlement Provide? .......................................... 5
    7.    What Can I Get From The Settlement?....................................... 5

**HOW YOU GET A PAYMENT---SUBMITING A CLAIM FORM**
    8.    How Can I Get A Payment?........................................................ 6
    9.    When Would I Get My Payment?................................................ 6

**THE LAWYERS REPRESENTING YOU** ..........................................................**6**
    10.    Do I Have A Lawyer In This Case?............................................ 6
    11.    How Will The Lawyers Be Paid? ............................................... 6

**OBJECTING TO THE SETTLEMENT** ...............................................................**6**
    12.    How Do I Tell The Court That I Don't Like The Settlement? ....... 6

**THE COURT'S FAIRNESS HEARING** ..............................................................**7**
    13.    When And Where Will The Court Decide Whether To Approve The Settlement? ........ 7
    14.    Do I Have To Come To The Hearing? ........................................ 7
    15.    May I Speak At The Hearing? .................................................... 7

**IF YOU DO NOTHING** ......................................................................................**8**
    16.    What Happens If I do Nothing At All? ....................................... 8

**GETTING MORE INFORMATION**....................................................................**8**
    17.    Are There More Details About The Setlement? ......................... 8
    18.    How Do I Get More Information? .............................................. 8

## BASIC INFORMATION

███████████████████████████

You have received this Notice because Yellow/YRC's personnel records show that you worked at Chicago Ridge some time on or after October 15, 2004 as a dock worker, hostler, spotter, janitor, supervisor, or clerical employee on the dock, either as a "casual," "10%," "regular," full-time or other employee. This notice explains that you have legal rights and options that you may exercise now that a settlement has been proposed.

█████████████████████████

This lawsuit is about whether Yellow/YRC discriminated against African-American employees because of their race by fostering a racially hostile work environment at Yellow/YRC's Chicago Ridge workplace. Plaintiffs and the EEOC claim that the hostile work environment was created by harassing activities, including: the display of racially hostile symbols; racist graffiti; and racial epithets, slurs, and comments uttered by co-workers and supervisors. Plaintiffs and the EEOC also claim that Yellow/YRC discriminated against African-American employees in many other aspects of employment, that the company did not respond to repeated complaints by African-American employees about the workplace, and that management employees retaliated against employees who made complaints about discrimination.

Yellow/YRC maintains that this case should not be certified as a class action. Yellow/YRC also denies that it violated any law, including Section 1981 and Title VII, and denies that it discriminated against or created a hostile working environment for African-American employees at Chicago Ridge or Chicago Heights. Yellow/YRC has retained legal counsel to represent the company in the Section 1981 and EEOC cases.

The Court has not decided which side is right.

████████████████████████████

On May 13, 2011, the Court decided that the Section 1981 can go forward as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. The Court allowed, or "certified," this lawsuit as a class action because there is a sufficient number of African-American individuals who were employed by Yellow/YRC at Chicago Ridge between October 15, 2004, and the present to form a Class; there are legal questions and facts that are common to the Class Members; the Class Representatives' claims are typical of the claims of the rest of the Class; the Class Representatives and the lawyers representing the Class will fairly and adequately represent the Class Members' interests; the claims made by the Plaintiffs against Yellow/YRC are generally applicable to the Class; there are more important common legal questions and facts in this case than questions that affect only individuals; and this class action will be more efficient than having many individual lawsuits. The EEOC is not required to certify a class in its lawsuit. The EEOC case also sought relief for the group of former and current African-American employees who were victims of racial harassment and discrimination.

███████████████

The Court did not decide in favor of Plaintiffs, the EEOC or Defendants. Instead, all sides agreed to a settlement. That way, the parties avoid the cost of a trial, the risks involved in a trial, and the people affected will get compensation. The attorneys in the Section 1981 case ("Class Counsel") and the EEOC think the settlement is best for all of the members of the Class.

███████████████

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. In this case, the Class Representatives are Charles Brown, Jeffrey Burks, Antonio Colon, James DeMoss, Jameson Dixon, Clark Faulkner, Kenneth George, Leonard Gregory, Marshun Hill, Mack Leonard, Cedric Muse, Laroy Washington, Darrell Williams, Charles Woods, and Michael Woods. The Court has certified one class consisting of all current and former African-American employees who were employed by Yellow/YRC on its docks, in offices on the docks, or in the yard in the positions of dock worker, hostler, spotter, janitor, supervisor, or clerical (including as a "casual," "10%," "regular," full-time or other employee); and worked at Chicago Ridge at any time on or after October 15, 2004 (the "Class"). The Class also includes those African-American employees who were transferred in 2009 from Chicago Ridge to work at the Yellow/YRC facility at 2000 East Lincoln Highway, Chicago Heights, Illinois 60411 ("Chicago Heights"). The Class Representatives and individuals who are in the Class certified by the Court are covered by the settlement of these cases. All former and current employees who indicated that they were victims of discrimination and were willing to participate in the EEOC's lawsuit are also covered by the settlement.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

███████████████

The settlement provides that Yellow/YRC will pay the aggregate sum of Eleven Million Dollars ($11,000,000.00) to settle these cases. The $11,000,000.00 shall be distributed to the Class Representatives, the Class Members, and Class Counsel.

███████████████

You may be eligible to get a payment from the settlement for the harm you believe you suffered as a result of the alleged racially hostile work environment at Yellow/YRC's facility at Chicago Ridge. The EEOC shall determine the amount of each monetary award based on a point system developed by the EEOC and Class Counsel. This point system will take into account several factors, including your length of employment, dates of employment, job assignments, the severity of the alleged harassment or discrimination, the duration of the alleged harassment or discrimination, the extent of the alleged harm, whether you allegedly received more difficult work assignments because of race, whether you allegedly received harsher or more frequent discipline because of race, whether you were allegedly denied opportunities to be a hostler/spotter, whether you complained of discrimination, your participation and cooperation with the EEOC and the Class Counsel in the litigation of these cases, and the overall strength of your claim.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

████████████████████████

To receive a payment from the settlement fund you must submit the enclosed Claim Form on or before _____, __, 2012, to:

> First Class, Inc.
> 5410 W. Roosevelt Rd.
> Unit 222
> Chicago, Illinois 60644

The Claim Form must be actually received by First Class, Inc., on or before such date in order to be considered timely and for you to be paid. It is your obligation to make sure First Class, Inc., receives your Claim Form before the due date. All Claim Forms must be signed under penalty of perjury to be considered.

████████████████████████

If you are determined to be eligible for settlement payment, you will receive a check after the Court reviews all of the proposed payments to Class Members. This process may take some time, and the parties do not expect that payments will be made until sometime in the spring of 2013. Please be patient.

## THE LAWYERS REPRESENTING YOU

████████████████████████

The Court has decided that the Edwin F. Mandel Legal Aid Clinic of the University of Chicago Law School in Chicago, Illinois, the Law Office of Carol Coplan Babbitt in Chicago, Illinois, and the Law Office of Catherine A. Caporusso in Chicago, Illinois are qualified to represent you and all Class Members. Together, these lawyers are called "Class Counsel." Lawyers for the EEOC also have been seeking relief for those African-American workers who believe they were victims of discrimination or harassment at Chicago Ridge and agreed to participate.

The settlement provides that the Class Counsel will receive $1,100,000.00 in payment to them of their reasonable attorneys' fees and costs in pursuing this litigation on behalf of the Class Representatives and the Class. The Court will be asked to approve the attorneys' fees and costs at the Fairness Hearing described on page 7, in the answer to Question 13. Neither the lawyers for the EEOC nor the government will receive any payment for their involvement in either the EEOC or the Section 1981 case

## OBJECTING TO THE SETTLEMENT

████████████████████████

You can tell the Court that you don't agree with the settlement or some part of it by "objecting" to the settlement. Objecting is simply telling the Court that you don't like something about the

settlement. You must give reasons why you think the Court should not approve the settlement or why you don't like the settlement or some part of it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Brown v. Yellow*, Case No. 08 CV 5908. Be sure to include your name, address, telephone number, signature, and the reasons you object to the settlement. Mail the objection to these four different places:

| | |
|---|---|
| Clerk of the Court | **CLASS COUNSEL:** |
| United States District Court | Randall D. Schmidt |
|   for the Northern District of Illinois | Edwin F. Mandel Legal Aid Clinic |
| 219 S. Dearborn Street | 6020 S. University Ave. |
| 20th Floor | Chicago, Illinois 60637 |
| Chicago, Illinois 60604 | |
| | |
| **EEOC:** | **DEFENDANTS' COUNSEL:** |
| Richard J. Mrizek | Kevin W. Shaughnessy |
| Trial Attorney | Baker & Hostetler LLP |
| U.S. Equal Employment | 200 S. Orange Avenue |
| Opportunity Commission | Suite 2300 |
| 500 W. Madison, Suite 2000 | Orlando, Florida 32801 |
| Chicago, Illinois 60661 | |

You need to make sure that your objections are received by these four different places on or before September ___, 2012.

## THE COURT'S FAIRNESS HEARING

███████████████████████████████████████████

The Court will hold a hearing at which time the Court will consider the fairness, adequacy and reasonableness of the proposed settlement (the "Fairness Hearing"). This hearing will be held on September ___, 2012, at ___ ___.m. in Room 1330, 219 S. Dearborn Street, Chicago, Illinois 60604. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. The Court will also rule upon the Class Counsel's request for attorneys' fees and costs. We do not know how long these decisions will take.

██████████████████████████████

No. Class Counsel and the EEOC will answer any questions that the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

████████████████████████

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Brown v. Yellow*." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to

Page 7 of 9

Appear must be received no later than _____ __, 2012, and be sent to the Clerk of the Court, Class Counsel, the EEOC and Defense Counsel, at the four addresses on pages 6-7, in the answer to Question 12.

## IF YOU DO NOTHING

█████████████████████████████████

If you do nothing, you'll get no money from this settlement. But you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Yellow/YRC about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

██████████████████████████████████████████

This Notice summarizes the proposed settlement. More details are in a Consent Decree. You can get a copy of the Consent Decree by writing to Randall D. Schmidt, Edwin F. Mandel Legal Aid Clinic, 6020 S. University Ave., Chicago, Illinois 60637, or by visiting: www.YRCClassAction.com.

███████████████████████████████

For more information, visit the website YRCClassAction.com, where you will find the Consent Decree, the Court's Order certifying the Class, the Corrected Amended Complaint that Plaintiffs submitted, and the Defendants' Answer to the Corrected Amended Complaint. You may also call or write to Class Counsel with any questions regarding this class action. The contact information for Class Counsel is:

Randall D. Schmidt
Edwin F. Mandel Legal Aid Clinic
6020 S. University Ave.
Chicago, IL 60637
(773) 702-9611

| Carol Coplan Babbitt | Catherine Caporusso |
|---|---|
| Law Office of Carol Coplan Babbitt | Law Office of Catherine Caporusso |
| 35 E. Wacker Drive, Suite 650 | 53 W. Jackson Blvd., Suite 505 |
| Chicago, IL 60601 | Chicago, IL 60604 |
| (312) 435-9775 | (312) 933-0655 |

If you have any questions regarding the EEOC litigation, please contact:

Richard J. Mrizek
Trial Attorney
U.S. Equal Employment Opportunity Commission
500 W. Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8117

**PLEASE DO NOT TELEPHONE THE CLERK OF THE COURT.**

Dated: June ___, 2012

CLERK, U.S. District Court
Northern District of Illinois

**EXHIBIT C**

**CLAIM FORM**

**IMPORTANT:** Your Claim Form <u>MUST ACTUALLY RECEIVED BY THE CLAIMS ADMINISTRATOR</u> by <u>DATE</u>. It is your obligation to make sure that the Claims Administrator actually receives your Claim Form by <u>DATE.</u>

<u>INSTRUCTIONS</u>

1. It is important to read and follow these instructions carefully, as well as those contained in the letter that accompanied this Claim Form. Failure to follow these instructions may result in you being ineligible to receive a monetary award in this case.

2. If the Claims Administrator does not receive this Claim Form by **DATE**, your claim will be rejected and you will lose all rights to receive any money from this settlement. You must mail or deliver your Claim Form to:

   First Class, Inc.
   5410 W. Roosevelt Rd.
   Unit 222
   Chicago, IL 60644

3. You **must** *sign,* under penalty of perjury, and **date** the Claim Form on page 12.

4. All questions pertain to your experiences at the Chicago Ridge facility. Do **not** answer the questions based upon experiences at other YRC facilities.

5. If you have insufficient space to answer a question, you may continue your answer on additional sheets of paper. Please write your name, social security number, and the appropriate question number on any additional sheets of paper you include.

6. Answer all questions as fully and completely as you can, even if you have provided the same or similar information to the EEOC or the Class Counsel in the past. If you are uncertain or cannot fully recall certain information, you may indicate that fact in your answers.

7. You must fill out this form, even if you have sat for a deposition or if you have been previously interviewed by the EEOC or the Class Counsel.

8. Please update us if any of your contact information changes.

## **PERSONAL INFORMATION**

1. _____
   Name (First, Middle, Last)

2. _____
   Street Address (including Apartment Number, if applicable)

3. _____
   City                          State                          Zip Code

4. _____     5. _____
   Social Security Number             Race

6. _____
   E-mail Address

7. _____     _____
   Home Phone Number                        Best Time to Call This Number

8. _____     _____
   Work Phone Number                        Best Time to Call This Number

9. _____     _____
   Cell Phone Number                        Best Time to Call This Number

10. _____
    Phone Number of Relative or Other Person Who Knows How to Contact You

11. _____
    Date of Birth

12. Please list any other name(s) you used while employed at Yellow:

    _____     _____
    Name                                     Dates You Used This Name

    _____     _____
    Name                                     Dates You Used This Name

## EMPLOYMENT WITH YELLOW AT CHICAGO RIDGE

13.    Job titles you worked under while at Yellow's Chicago Ridge facility (for example "dockworker", "hostler", "janitor", "supervisor"):
_____

14.    Brief description of job duties for each position:_____

_____

_____

_____

15.    Dates of employment at Yellow's Chicago Ridge facility:
_____

16.    List any extended periods (more than 2 weeks) you were on lay off:

_____

_____

_____


### Movement From The Casual Position to a Permanent Position

17.    Do you believe that you were ever denied the opportunity to move from the "Casual" position to the seniority list position or "10%" position or delayed in moving from the Casual position to the seniority list position or 10% position because of your race?
         Yes _____ No _____
If "yes", please describe the basis for your claim, including when this occurred and the name and race of who you believe was promoted from the Casual position to the seniority list position or 10% instead of you:

_____

_____

_____

_____

_____

_____

**Promotion to Hostler or a Spotter**

18.     Were you interested in becoming a Hostler or Spotter at Chicago Ridge?
        Yes _____ No _____
If "yes", please describe when you were interested and what you did to seek a position:

_____

_____

_____

19.     Do you believe that you ever denied the opportunity to become a Hostler or Spotter or improperly passed over for the position because of your race?
        Yes _____ No _____
If "yes", please describe how you were denied the opportunity, including when and whether this occurred more than once:

_____

_____

_____

_____

_____

_____

**CLAIMS OF RACIAL HARASSMENT**

20.     Did you ever personally see **racist** graffiti at Yellow's Chicago Ridge facility?
        Yes _____ No _____
If "yes", describe what you saw, when you saw it, where in the facility you saw it, and how often you saw it:

_____

_____

_____

_____

_____

Page 4 of 12

_____

_____

21.     Did you ever <u>hear about</u> any **racist** graffiti at Yellow's Chicago Ridge facility when you were working there?
        Yes ____ No ____
If "yes", describe what you heard and when you heard about it:

_____

_____

_____

22.     Did you ever personally see or hear about any **racist** drawings or cartoons at Yellow's Chicago Ridge facility?
        Yes ____ No ____
If "yes", describe the drawings or cartoons, whether you personally saw them, whether you heard about them, when they occurred, and where they were located:

_____

_____

_____

_____

23.     Did you ever personally <u>see</u> a noose or rope you believed to be a noose at Yellow's Chicago Ridge facility that you believe was displayed to either intimidate or offend Black employees?
        Yes ____ No ____
If "yes", describe what you saw, when you saw it, where in the facility you saw it, and on how many occasions.  If you saw such a noose or rope more than once, describe each occurrence:

_____

_____

_____

_____

_____

_____

24.     While you were working at Yellow's Chicago Ridge facility, did you ever <u>hear about</u> a noose or rope you believed to be a noose at Yellow's Chicago Ridge facility that you believe was displayed to either intimidate or offend Black employees?

          Yes _____ No _____

If "yes", describe what you heard, when you heard about it, and where in the facility you were told it was displayed.  If you heard about such a noose or rope more than once, describe each occurrence:

_____

_____

_____

_____

_____

_____

25.     Have you ever personally heard anyone at Yellow's Chicago Ridge facility, either a coworker or supervisor, make any kind of **racist** remark?

Yes _____ No _____

If "yes", describe what you heard, who said it, whether it was a supervisor or coworker, whether it was directed at you or overheard by you, and when you heard it, on how many occasions, and whether you reported it to Yellow, to whom, and Yellow's response.  If you heard more than one racist remark, please describe each occurrence:

_____

_____

_____

## CLAIMS OF RACIAL DISCRIMINATION

### Working Conditions

26.     Did any Yellow employee at Yellow's Chicago Ridge facility, whether a supervisor or coworker, ever refuse to work with you because of your race?

          Yes _____ No _____

If "yes", please provide details of the incident, including who refused to work with you and when the incident occurred; if this occurred more than once, describe each occurrence:

_____

_____

_____

### **Discipline and Work Rules**

27.     Do you believe that you ever received discipline for conduct for which a White employee was not, or would not have been, disciplined?
        Yes _____ No _____
If "yes", please provide details of the incident(s), including when the incident occurred, and if this occurred more than once:

_____

_____

_____

_____

_____

_____

28.     While employed at Yellow's Chicago Ridge facility, did you ever observe any differences in the way Black and White employees were treated in regards to discipline?
        Yes _____ No _____
If "yes", please describe:

_____

_____

_____

_____

_____

_____

_____

29.     Do you believe that you were treated differently than White employees regarding access to and privileges of using the break room and restrooms?
        Yes _____ No _____

If "yes", please provide details of the incident(s), including when the incident occurred, and if this occurred more than once:

_____

_____

_____

_____

_____

_____

30.     While employed at Yellow's Chicago Ridge facility, did you observe any differences between Black and White employees regarding access to and privileges of using the break room and restrooms?
        Yes _____ No _____
If "yes", please provide details of the incident(s), including when the incident occurred, and if this occurred more than once:

_____

_____

_____

_____

_____

_____

31.     Do you believe that you were treated differently than White employees were treated by Yellow regarding behavior on the dock such as talking, smoking, use of cell phones, etc.?
        Yes _____ No _____
If "yes", please provide details of the incident(s), including when the incident occurred, and if this occurred more than once:

_____

_____

_____

_____

_____

_____

32.     While employed at Yellow's Chicago Ridge facility, did you observe any differences between how Black and White employees were treated by Yellow regarding behavior on the dock such as talking, smoking, use of cell phones, etc.?
            Yes _____ No _____
If "yes", please provide details of the incident(s), including when the incident occurred, and if this occurred more than once:

_____

_____

_____

_____

_____

_____

**Work Assignments**

33.     Do you believe that you ever received a less desirable type of work assignment because of your race?
            Yes _____ No _____
If "yes", please describe the less desirable work, including when the work was assigned, and if this occurred more than once:

_____

_____

_____

_____

_____

_____

34.     While employed at Yellow's Chicago Ridge facility, did you ever observe any differences between the type or amount of work assigned to Black and White employees?
            Yes _____ No _____
If "yes", please describe what you observed and approximately when these differences were

Page 9 of 12

observed:

_____

_____

_____

_____

_____

_____

## COMPLAINTS

35.    Did you ever complain in writing to Yellow about any racial harassment or discrimination that you experienced, witnessed, or heard about at Yellow's Chicago Ridge facility?

        Yes _____ No _____

If "yes", please state what you complained about, to whom you complained and when. Also, please describe any response you received from Yellow:

_____

_____

_____

_____

_____

_____

36.    Did you ever make a verbal complaint to any supervisors, managers, or human resources personnel at Yellow about any racial harassment or discrimination that you experienced, witnessed, or heard about at Yellow's Chicago Ridge facility?

        Yes _____ No _____

If "yes", please state what you complained about, to whom you complained and when. Also, please describe any response you received from Yellow:

_____

_____

_____

_____

_____

_____

37.     Did you ever file a Charge of Discrimination regarding Yellow's Chicago Ridge facility with the EEOC, the Illinois Department of Human Rights, or any other local government fair employment agency?
        Yes _____ No _____
If "yes", please state with what agency you filed your Charge, the Charge number of your complaint, whether your case went to court (and if so, the name of the court where you filed and your case number) and any relief you received as a result of your Charge:

_____

_____

_____

_____

_____

## EFFECT OF THE DISCRIMINATION

38.     Describe how the claims of racial harassment or discrimination you have described above affected you or made you feel (including any emotional pain or suffering).

_____

_____

_____

_____

_____

_____

## PARTICIPATION IN THIS LITIGATION

39.     Describe any effort that you made to participate in this litigation including time spent looking for documents, attending depositions, or communicating with the EEOC or the Class Counsel.

_____

_____

_____

_____

### CERTIFICATION

I _____ declare under penalty of perjury that all of the information
  (Print Name)

on this Claim Form is true and correct.


_____          _____
Signature of Claimant                                    Date



### IMPORTANT NOTICE

**Your Claim Form must be received on or before _____. A Claim Form received
later than _____ will not be accepted. The Claim Form must be mailed or delivered to:**

> **First Class, Inc.**
> **5410 W. Roosevelt Rd.**
> **Unit 222**
> **Chicago, IL 60644**

## EXHIBIT D

## NOTICE TO YRC EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in the Northern District Court of Illinois in *EEOC v. Yellow Transportation, Inc., et al.*, 09 CV 7693 (N.D. Ill.), and *Brown, et al. v. Yellow Transportation, Inc., et al.*, 08 CV 5908 (N.D. Ill.), resolving litigation filed by the Equal Employment Opportunity Commission ("EEOC") against YRC.

In its suit, the EEOC alleged that YRC discriminated against African-American dockworkers, spotters, and janitors at YRC's Chicago Ridge facilities on the basis of their race by subjecting them to a hostile work environment and discriminating against them in the terms and conditions of employment including subjecting them to unequal discipline and unequal work assignments. The resolution by YRC of any and all claims or potential claims set forth under the Consent Decree is not an admission of liability on the part of the Company.

To resolve the case, YRC and the EEOC have entered into a Consent Decree that provides monetary relief to eligible individuals. YRC will not discriminate against any employee on the basis of race or retaliate against any person because (s)he opposed any practice made unlawful by Title VII, filed a charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree.

If you believe you have been discriminated against, you should contact the Chicago Heights Human Resources Coordinator (currently, Kendall Calhoun), any manager or supervisor, or file a report on EthicsPoint at 1-866-ETHICSP or www.ethicspoint.com immediately. The Company cannot respond to issues that are not brought to its attention. If you believe you have been discriminated against, you also may contact Preston Pugh (312-768-7800), who serves as a monitor at Chicago Heights. Finally, you may contact the EEOC at 312-353-8195. The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age, or disability. The EEOC charges no fee and has a TDD number.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for the time and in the manner as specified in the Consent Decree and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to YRC Settlement, EEOC, 500West Madison Street, Suite 2000, Chicago, Illinois 60661.

9-25-12
_____
Date

_____
Magistrate Judge Susan Cox
United States District Court

Page 1 of 1